## DAVID B. MILLER *vs.* LABOR RELATIONS COMMISSION.

No. 90-P-1536.

Suffolk. February 20, 1992. - October 14, 1992.

Present: ARMSTRONG, PERRETTA, & GREENBERG, JJ.

*Labor Relations Commission. Regulation. Administrative Law*, Regulations. *Limitations, Statute of.*

The Labor Relations Commission acted within its statutory authority in adopting a regulation that time-barred an employee's claim against his union for violating its duty to represent him fairly [406-408], and the regulation, as applied to his claim, did not work an arbitrary or capricious result [408-409].

APPEAL from a decision of the Labor Relations Commission.

*Jean Strauton Driscoll* for Labor Relations Commission.

*Paul Peter Nicolai*, for David B. Miller, submitted a brief.

GREENBERG, J. The plaintiff's nine-year campaign contesting his denial of tenure by the Board of Regents of Higher Education (board), illustrates the wisdom of the Labor Relations Commission's deadline for filing prohibited practice charges. The rule is contained in 456 Code Mass. Regs. § 15.03 (1986), and provides: "Except for good cause shown, no charge shall be entertained by the [c]ommission based upon any prohibited practice occurring more than six months prior to the filing of a charge with the [c]ommission."[1]

In 1986, the plaintiff sought to vacate an adverse 1983 arbitration award by bringing an action in the Superior Court against the board, and later amending it to include his bar-

---

[1]The commission adopted this rule on December 12, 1986, pursuant to the authority vested in it by G. L. c. 23, § 9R, and G. L. c. 30, §§ 2 & 3.

gaining representative, the Massachusetts Teachers Association (MTA). The arbitrator concluded that there was no arbitrable dispute, because of the plaintiff's failure to follow the appropriate grievance procedure outlined in the collective bargaining agreement. The MTA notified the plaintiff that it would not appeal the arbitrator's decision.

That case resulted in *Miller* v. *Regents of Higher Educ.*, 405 Mass. 475 (1989), in which the Supreme Judicial Court held that because the plaintiff was not a "party" to the collective bargaining agreement, he lacked standing under G. L. c. 150E, § 11, to seek to vacate the award. In the closing paragraph of the opinion, the court noted, "If [the plaintiff] was dissatisfied with the MTA's refusal to seek judicial review of the arbitrator's award, he was entitled to present a claim to the Labor Relations Commission under G. L. c. 150E, § 11 (1988 ed.), that the MTA violated its duty to represent him fairly." Id. at 480.

Prompted by this reproof, the plaintiff then filed a charge with the commission in November of 1989, alleging that the MTA wronged him by not filing a grievance on his behalf in June of 1983. He also claimed that the MTA's attorney improperly counseled him not to seek judicial review of the arbitrator's award because of the adverse effect it might have on his contemplated wrongful termination claim.

Reasoning that the plaintiff failed to file his charge within six months of the date he knew or should have known of the MTA's stance in his arbitration case, the commission declined to issue a complaint. Its order, in pertinent part, stated:

> "Since the investigation clearly demonstrated that all of the events which form the basis of the [plaintiff's] allegation that the Union breached its statutory duty occurred more than six months before he filed this charge, the charge must be dismissed as untimely filed under the Commission's Rule. In so concluding, we find *no good cause excusing the late filing of the charge* [emphasis added]. The fact that the [plaintiff] may not have been aware of his right to seek redress against the

Union under G. L. c. 150E at the Commission, and instead chose to institute court litigation directly against the Employer, is not sufficient cause for untimely filing. Nor does the Commission read the [Supreme Judicial Court's] decision in the [plaintiff's] case to intimate that [he] is presently entitled to present a claim against the Union at the Commission under G. L. c. 150E, despite his failure to have initiated that claim within the time limits imposed by the Commission's rules. In view of this determination, we need not evaluate the substantive merits of the charge against the Union in this case."

From this "precomplaint dismissal" by the commission, the plaintiff has appealed. See G. L. c. 150E, § 11; *Quincy City Hosp.* v. *Labor Relations Commn.*, 400 Mass. 745, 747 (1987) (prehearing dismissal by commission is a "final order" reviewable under G. L. c. 150E, § 11).

This appeal raises the question whether the commission exceeded its authority when it adopted the regulation which time-barred the plaintiff's claim against the union for violating its duty of fair representation. Cf. *Reilly* v. *Massachusetts Bay Transp. Authy.*, 32 Mass. App. Ct. 410, 415-417 (1992), and cases cited. That an agency of the State may by regulation establish timetables and procedures to achieve its statutory goals is well settled. *Scofield* v. *Berman & Sons*, 393 Mass. 95, 101 (1984). Regulations "are treated by the court with the same deference as a statutory enactment." *Commonwealth* v. *B & W Transp., Inc.*, 388 Mass. 799, 803 (1983). *Massachusetts' State Pharmaceutical Assn.* v. *Rate Setting Commn.*, 387 Mass. 122, 127 (1982), citing *Greenleaf Fin. Co.* v. *Small Loans Regulatory Bd.*, 377 Mass. 282, 293-294 (1979). *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. 762, 768 (1980).

The first sentence of G. L. c. 23, § 9R, as appearing in St. 1973, c. 1078, enables the commission to "make, amend and rescind such rules and regulations as may be necessary to carry out the provisions of . . . G. L. c. 150E." The plaintiff has a heavy burden to meet in attacking the validity

of properly promulgated regulations, for he must show that the regulation has no rational relationship to the goals or policies of the agency's enabling statute. *Morris* v. *Commonwealth*, 412 Mass. 861, 864 (1992), and cases cited. The plaintiff contends that the commission exceeded its authority when it established a six-month deadline to file prohibited practice charges.

The central purpose of a statute of limitations is to bar all claims asserted after a certain period of time has elapsed from the date the right accrued. *Melnick* v. *Perwak*, 295 Mass. 512, 514 (1936). *Greeley* v. *Zoning Bd. of Appeals of Framingham*, 350 Mass. 549, 551-552 (1966). See also Black's Law Dictionary 927 (6th ed. 1990). Statutes of limitation operate mechanically, in a manner completely unrelated to the merits of a case. 1 Corman, Limitation of Actions § 1.1 (1991).

The contested regulation contains an exception; it allows charges to be filed after the six-month deadline when good cause is shown. Thus, this regulation is neither purely mechanical nor does it bar all claims after the deadline. Instead, the rule is somewhat elastic. It allows consideration of whether there is a valid reason for the party's tardiness in filing charges.[2]

The Supreme Judicial Court has stated that § 15.03 "is not expressed precisely in the form of a statute of limitations . . . . [Rather] [i]t is phrased somewhat in the nature of a jurisdictional test." *Boston Police Superior Officers Fedn.* v. *Labor Relations Commn.*, 410 Mass. 890, 891 n.1 (1991).[3]

---

[2]This may be contrasted with the Federal analogue, 29 U.S.C. § 160(b) (1988), which contains a six-month limitation period, but has no exception for good cause shown. The Federal provision was enacted by Congress, and is viewed as a statute of limitations by Federal courts. *NLRB* v. *Pennwoven, Inc.*, 194 F.2d 521, 526 (3d Cir. 1952) (Biggs, C.J., concurring). *NLRB* v. *Brown & Root, Inc.*, 203 F.2d 139, 145 (8th Cir. 1953).

[3]In *Lyons* v. *Labor Relations Comm.*, 397 Mass. 498, 503 (1986), the court decided that a forty-five day period of limitations for nonunion employees to file union agency fee challenges was unconstitutional under the equal protection clause of the Federal Constitution. The court did not hold that this provision was invalid as a statute of limitations, nor did it find any problem with the six-month period of limitations in § 15.03.

As a State agency adjudicating a large number of employment disputes, the commission is entitled to promulgate regulations which ensure prompt preliminary determinations. "Regulations . . . within the ambit of the enabling statute . . . will be considered valid." *Commonwealth* v. *Racine*, 372 Mass. 631, 635 (1977), citing *Commonwealth* v. *Diaz*, 326 Mass. 525, 530 (1950).[4] The commission's regulation is designed to prevent litigation of stale claims. See *Town of Wayland*, 3 M.L.C. 1724, 1728 (1977), aff'd, 5 M.L.C. 1738 (1979). Therefore, we conclude that the regulation is rationally related to the purpose of the enabling statute and represents a valid exercise of its rule-making authority.

The plaintiff gains no ground by his argument that we should construe the application of the filing deadline in his case as working an arbitrary and capricious result. The commission has appropriately construed its rule to apply when the charging party "knew or should have known" of the alleged violation (see *City of Pittsfield*, 4 M.L.C. 1905, 1908 [1978]), and it is a generally recognized principle that lack of knowledge of a potential remedy does not excuse a procedural misstep — especially where it is in the nature of a jurisdictional prerequisite. This is not a case where the MTA equivocated and left the plaintiff in an uncertain state as to whether it would represent him in his appeal. As the Supreme Court noted in *Miller* v. *Regents of Higher Educ.*, 405 Mass. at 480, if the plaintiff was dissatisfied with the MTA's refusal to seek judicial review of the alleged unfair award, he could, at that time, have presented his claim to the commission that the union violated its duty to represent him fairly. Over three years passed between the time the plaintiff alleged that the MTA refused to try to overturn the arbitrator's award and the date he originally filed his charge against the board. Nor is there any basis to conclude that the alleged prohibited practice was of a continuing nature and occurred within the six-month limitation period for filing the charge.

---

[4]We also note that an agency's self-imposed jurisdictional limits do not implement specific statutory requirements. *NLRB* v. *Chauffeurs, Teamsters & Helpers, Local No. 364*, 274 F.2d 19, 24 (7th Cir. 1960).

Compare *Boston Police Superior Officers Fedn.* v. *Labor Relations Commn.*, *supra* at 893. As we said in *Pattison* v. *Labor Relations Commn.*, 30 Mass. App. Ct. 9, 10 (1991): "In undertaking litigation, [the plaintiff] would have done well to seek a forum that would allow [him] to join both the union and the employer, for those parties putatively committed related wrongs."

The commission's order is affirmed.

*So ordered.*