Brady, J.
Plaintiff Stop. & Shop Companies, Inc. (Stop & Shop) seeks to recover from defendant Alan *292 Tirabassi (Tirabassi), a former Stop & Shop employee, the expenses that it incurred as a workers’ compensation self-insurer for injuries caused by Tirabassi’s assault and battery on Michael Krol (Krol), another Stop & Shop employee. Stop & Shop now moves for summary judgment on the ground that Tirabassi is precluded from relitigating certain issues resolved by an arbitrator, and because Tirabassi was, as a matter of law, acting outside the scope of his employment when he assaulted and battered Krol. Tirabassi, on the other hand, urges the court to enter summary judgment against Stop & Shop because the incident occurred within the scope of his employment. For the following reasons, both parties’ motions are DENIED.
BACKGROUND
At about 7:00 a.m on June 5, 1993, Tirabassi and Krol were involved in an altercation at the Stop & Shop store in Lynn. At the time, Tirabassi was employed by Stop & Shop as the head produce clerk, and Krol worked part-time under Tirabassi in the produce department. Both were members of the United Food and Commercial Workers Union (the Union). As a result of the altercation, the Lynn police responded, and Tirabassi was placed under arrest and later charged with assault and battery with a dangerous weapon. Tirabassi pled nolo contendré to the criminal charge. Both Krol and Tirabassi were suspended from work without pay during Stop & Shop’s investigation of the incident. Krol was treated for injuries received during the altercation, and was out of work for three and one-half months as a result of those injuries. Stop & Shop, as a workers’ compensation self-insurer, paid all reasonable and necessary expenses and weekly disability payments to Krol resulting from the injuries.
As a result of its investigation, Stop & Shop concluded that Tirabassi has committed a vicious and unprovoked attack upon Krol, and Stop & Shop terminated Tirabassi’s employment. The Union filed a timely grievance protesting Tirabassi’s termination, and the matter ultimately was heard by an arbitrator. Tirabassi and Krol, as well as other witnesses, testified before the Arbitrator. Both Tirabassi and Krol testified that Krol was in the process of moving a pallet of corn when the incident occurred, and that Tirabassi was disturbed about what Krol was doing with the corn. As to the events that followed, however, their recollections differed significantly. After the hearing, the Arbitrator issued a seven page decision, upholding Stop & Shop’s decision to terminate Tirabassi. See In the matter of United Food and Commercial Workers Union, Local 1445, and. Stop & Shop Companies, Inc., No. 1130-1999-93, (Am. Arb. Ass’n, March 27, 1995) (O’Brien, Arb.). The Arbitrator found that “(b)ased on clear and convincing evidence . .. this Arbitrator finds that Alan Tirabassi physically assaulted employee Michael Krol for no reason and without any provocation on June 5, 1993.” Id. at 7.
DISCUSSION
This court will grant summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). A moving party who does not bear the burden of proof at trial must affirmatively demonstrate the absence of a triable issue, and that the summary judgment record entitles them to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
I. Preclusive effect of the Arbitrator’s decision.
Stop & Shop argues that the Arbitrator’s final decision, based on “clear and convincing evidence” that Tirabassi committed an unprovoked attack upon Krol precludes Tirabassi from relitigating his defenses to this action, that it was Krol who had attacked him and that he had merely acted reasonably in self-defense.
“Under the doctrine of collateral estoppel, ‘[w]hen an issue of fact or law is actually litigated and determined by a valid and binding judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.’ ” Miles v. Aetna Casualty & Surety Co., 412 Mass. 424, 427 n.2 (1992), quoting Restatement (Second) of Judgments §27 (1982). “When arbitration affords opportunity for presentation of evidence and arguments substantially similar in form and scope to judicial proceedings, the award should have the same effect on issues necessarily determined as a judgment has.” Id. at 427 (citation omitted). In Massachusetts, issue preclusion does not require mutuality of parties, so long as there is an identity of issues, a finding adverse to the party (who was a party in the prior action) against whom it is being asserted, and a judgment by a court or tribunal of competent jurisdiction. Id. However, even if an issue is actually litigated and determined by a valid judgment, and the determination is essential to the judgment, relitigation of an issue in a subsequent action is not precluded when the party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action. Sena v. Commonwealth, 417 Mass. 250, 260 (1994); Restatement (Second) of Judgments §28(1) (1982).
In this case, the summary judgment record reveals that the only parties to the arbitration were the Union and Stop & Shop, and that the arbitration was conducted pursuant to a collective bargaining agreement to arbitrate. Tirabassi, as the grievant but not a party to the collective bargaining agreement, could not, as a matter of law, have obtained review of the Arbitrator’s judgment. See Miller v. Board of Regents of Higher Education, 405 Mass. 475, 480 (1989) (holdingjudicial review of an arbitrator’s decision under G.L.c. 150C is *293 available only to parties to the collective bargaining agreement, that is, the labor organization and the employer). Tirabassi is therefore not precluded from relitigáting the issues determined by the Arbitrator, and Stop & Shop’s motion for summary judgment must be denied.
II. G.L.c. 152 as a bar to the claim.
Tirabassi urges the court to instead render summary judgment against Stop & Shop on the ground that the action is barred by the provisions of the Workers’ Compensation Act.
The exclusivity provisions of the Workers’ Compensation Act do not bar an employee, or insurer, see G.L.c. 152, §15, from bringing an action against a fellow employee who commits an intentional tort that was in no way within the scope of employment furthering the interests of the employer. O’Connell v. Chasdi, 400 Mass. 686, 690-91 (1987); Anzalone v. Massachusetts Bay Transportation Authority, 403 Mass. 119, 124 (1988). However, claims that are based upon conduct within the scope of employment furthering the employer’s interests are covered exclusively by c. 152 and are barred. Id. at 124-25. Tirabassi maintains that, even if he did attack Krol, because the parties agree that the dispute arose because Krol was putting corn on display, he was therefore acting within the scope of employment and the action is barred. The court does not agree.
As noted by the Supreme Judicial Court, “an intentional tort (e.g. assault and battery) by an employee (e.g. a security officer) against a coemployee might, in some circumstances, be so related to the employer’s interests as to immunize the offending employee.” O’Connell v. Chasdi, supra at 690 n.5. In the circumstances presented here, the court is unwilling to say that, as a matter of law, an unprovoked attack by a produce manager upon one of his subordinates over a pallet of corn is so related to Stop & Shop’s interests as to immunize Tirabassi. For that reason, Tirabassi’s motion will be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiff Stop & Shop Companies, Inc.’s motion for summary judgment is DENIED. It is further ORDERED that defendant Alan Tirabassi’s crossmotion for summary judgment is DENIED.