Fabricant, J.
INTRODUCTION
This action for declaratory judgment arises from the plaintiffs discharge from his position as a police officer for the Town of Franklin. The plaintiff contends that his discharge violated G.L.c. 119, §60. He seeks a declaration to that effect, and an injunction requiring the Town to reinstate him. The defendant moves to dismiss, arguing that the complaint fails to state a claim on which relief may be granted, both because it is barred by a prior arbitration award, and because the facts alleged do not show a statutory violation. In support of its motion, the defendant has provided a copy of an arbitration decision regarding the plaintiffs discharge. The plaintiff has not objected to the Court’s consideration of that document, and indeed has relied on it. At argument on the motion, counsel agreed that the case presents solely an issue of law, and is ripe for decision on the merits based on the complaint, the arbitration decision, and the arguments presented in the memoranda on the present motion. Accordingly, the Court treats the motion to dismiss as one for summary j udgment.
BACKGROUND[1]
The amended complaint, as supplemented by the arbitration award, provides the following factual background. The plaintiff was adjudicated delinquent in 1973. In 1982, the Town of Franklin appointed him as a police officer, despite his disclosure of the 1973 adjudication. The plaintiff performed his duties as a police officer satisfactorily. Until 1998, the plaintiff held a license to carry a firearm pursuant to G.L.c. 140, §131.
On July 23, 1998, the Legislature enacted St. 1998, c. 180, which amended G.L.c. 140, §131, by adding to the list of persons disqualified from being licensed to carry a firearm, set forth at § 131 (d) (i), any person who “has, in any state or federal jurisdiction, been convicted or adjudicated ayouthful offender or delinquent child for the commission of (a) a felony” or certain other specified offenses. As a result of this enactment, the plaintiff became disqualified from being licensed to carry a firearm.
On April 6, 1999, the Town discharged the plaintiff from his position as a police officer. It did so, according to the allegations of the complaint, solely because “his adjudication as a juvenile delinquent disqualified him from possessing a license to carry a firearm under G.L.c. 141, §131.” The plaintiffs union grieved the discharge, and the grievance proceeded to arbitration. On April 20, 2000, the arbitrator issued an award in favor of the Town, concluding that the plaintiffs discharge did not violate the collective bargaining agreement, because the plaintiffs “disqualification under G.L.c. 140, §131, rendered him legally incapable of performing the duties of a police officer.” The union did not file an action to vacate the arbitration award.
The arbitrator found certain additional facts of relevance. The Town had an established practice “to require police officers to maintain a LTC [license to carry] in accordance with c. 140, §131, as a condition of employment.” That practice did not violate the collective bargaining agreement. Upon enactment of the amendment to that statute, the Town performed criminal histoxy checks on all employees of the police department, and identified several who had disqualifying adjudications or convictions. Among these were the plaintiff and one other police officer. On October 28, 1998, the police chief issued an order “restating the Town’s ‘practice since 1981’ of issuing its police officers licenses under c. 140, §131 and requiring ‘a LTC’ as a condition of employment.” The Town placed the plaintiff and the other officer on administrative leave “while they sought to have their records expunged or moved for a new trial on the original charges.” The other officer succeeded in that effort, but the plaintiff did not. See Commonwealth v. Wheeler, 52 Mass.App.Ct. 631, 632 (2001). The Town then discharged him on the ground that “he was ‘unable to meet the requirements of a police officer in the Town of Franklin.’ ”
DISCUSSION
The defendant seeks dismissal of the complaint first on the ground that the action is, in essence, a collateral attack on the arbitrator’s award, and is barred by the failure to seek review of it. The short answer to this argument is that the plaintiff was not a party to the arbitration proceeding, had no control over it, and did not have standing to seek review; the parties in that proceeding were limited to the parties to the collective bargaining agreement — that is, the union and the employer. See Miller v. Board of Regents of Higher Education, 405 Mass. 475, 480 (1989). More substantively, the arbitration decision did not address the statutory claim the plaintiff now asserts; the arbitrator’s power was limited to determining whether *750 the plaintiffs discharge violated the collective bargaining agreement. Accordingly, the arbitration award does not bar this action. The Court will therefore proceed to the merits, and will determine and declare the rights of the parties.
The plaintiff bases his claim on G.L.c. 119, §60. That statute provides, in pertinent part, as follows:
An adjudication of any child as a delinquent child ... shall not be received in evidence or used against such child for any purpose in any proceedings in any court . . .; nor shall such adjudication . . . operate to disqualify a child in any future examination, appointment, or application for public service under the government either of the commonwealth or of any political subdivision thereof.
The plaintiff argues that, in terminating him because of his ineligibility to have a license to cany a firearm resulting from his delinquency adjudication, the Town effectively disqualified him from its employment based on the adjudication, in violation of the statute.[2] The plaintiff acknowledges the Town’s policy of requiring that police officers have a license to carry, but points out that the law does not so require; G.L.c. 41, §98, authorizes police officers to “carry within the commonwealth such weapons as the chief of police or the board or officer having control of the police in a city or town shall determine.” Thus, he contends, the chief could have permitted him to carry a firearm without a license to carry. Alternatively, he suggests, the police department could have assigned him to duties that would not require a firearm. Its failure to adopt either of these courses under the circumstances presented, he argues, violated his rights under G.L.c. 119, §60.
The argument reads into the statute a protection that does not appear in its language. In essence, the plaintiffs position is that he has a right not only not to be disqualified from employment by virtue of the adjudication in itself, but also not to be disqualified from employment by any legal disability or other legal consequence resulting from the adjudication. Under this reading, a public employer could not reject an applicant for lack of a driver’s license, if that lack arose from license revocation, or disqualification from being licensed, as a result of an adjudication of delinquency for an offense that triggers such revocation or disqualification. See, e.g. G.L.c. 90, §22(f) (registrar shall suspend license upon conviction of violation of controlled substance act). Similarly, it could not refuse to hire an applicant for a position involving close contact with children on the ground that the applicant is a registered sex offender, if the applicant’s obligation to register results from a juvenile adjudication. See Doe v. Attorney General, 425 Mass. 210, 210 (1999) (regarding interaction of statutory registration requirement for persons adjudicated delinquent based on sex offenses with statutory provisions regarding confidentiality of juvenile records). Such a reading would, at the very least, deprive public employers of discretion to establish generally applicable, job-related criteria for employment.
Massachusetts law gives police chiefs broad discretion to decide who may carry firearms. That discretion applies both with respect to members of the public seeking licenses to carry under G.L.c. 140, §131, see Godfrey v. Chief of Police of Wellesley, 35 Mass.App.Ct. 42, 45-46 (1993), and with respect to police officers under G.L.c. 41, §98. See Boston v. Boston Police Patrolmen’s Association, 8 Mass.App.Ct. 220, 226 (1979). Whether the chiefs discretion under G.L.c. 41, §98, is so broad as to permit him to authorize carrying of a firearm by a person whom the legislature has expressly disqualified from being licensed is open to question. Assuming it is, that discretion belongs to the police chief, not to the Court.
Here, the police chief has exercised his discretion, apparently over a long period of time, to require that all members of the department be licensed. The plaintiff does not contend, and nothing in the facts suggests, that he did so as a pretext for disqualifying this plaintiff based on his delinquency adjudication. Legitimate purposes for the chiefs policy are apparent: Requiring all officers to be able to carry weapons promotes efficiency and flexibility in the operation of the department, particularly in a relatively small municipality that may lack a sufficient number of officers to be able to assign some on a permanent basis to duties that would not require firearms. Requiring that all be licensed, rather than merely granting them permission to carry under c. 41, §98, effectively adopts the legislatively enacted criteria for the grant of permission to carry, serving the same public purposes as those criteria serve when applied to the issuance of licenses, and minimizing the risk of potential liability.
The plaintiffs reading of c. 119, §60, would require the chief to make an exception from his legitimate, generally applicable policy for any officer who is disqualified from being licensed due to a delinquency adjudication. The Legislature may fairly be assumed to have understood that some jobs, particularly law enforcement positions, require firearms, so that the 1998 amendment to c. 140, §131, would likely result in some of the individuals affected losing their jobs. Yet it did not except police officers from the amendment. The Legislature is presumed to have been aware of its own prior enactments, including c. 119, §60. See Commonwealth v. Russ R., 433 Mass. 515, 520 (2001). Yet it did not amend that provision to grant the expanded protection the plaintiff now proposes to read into it. These Legislative choices indicate its apparent intention that police officers, like all others, suffer collateral consequences of past juvenile adjudications. The result may indeed appear harsh, as the Appeals Court suggested. See Commonwealth v. Wheeler, 52 Mass.App.Ct. at 632. But the power to mitigate such harshness lies with the Legislature, not with the *751 Court. Accordingly, the Court concludes that the defendant is entitled to judgment as a matter of law, declaring that its discharge of the plaintiff did not violate c. 119, §60.
CONCLUSION AND ORDER
For the reasons stated, the Defendant’s Motion to Dismiss, treated as a motion for summary judgment, is ALLOWED, and it is hereby ordered that JUDGMENT enter declaring as follows:
The Town of Franklin did not violate G.L.c. 119, §60, by discharging the plaintiff from his employment as a police officer on April 6, 1999, based on his disqualification to be licensed to carry a firearm under G.L.c. 140, §131(d)(l), as a result of his 1973 adjudication as a juvenile delinquent.

The factual background of this dispute appears in Commonwealth v. Wheeler, 52 Mass.App.Ct. 631, 631-32 (2001).

The plaintiffs complaint alleged an additional violation of the statute in the introduction in evidence at an unspecified “hearing” of a certified copy of the adjudication. The Court infers that the hearing referred to was either the Town’s administrative hearing on the discharge or the arbitration hearing or both. The plaintiff does not press this theory in his memorandum in opposition to the present motion. The Court notes that the statute refers to Court proceedings, not to administrative or arbitration hearings.