DEPARTMENT OF CORRECTION vs. MASSACHUSETTS CORRECTION OFFICERS FEDERATED UNION & another.[1] No. 12-P-1789. August 16, 2013. *Commissioner of Correction. Correction Officer. Civil Service,* Collective bargaining. *Arbitration,* Collective bargaining, Judicial review. *Practice, Civil,* Standing.

Paul Brouillette appeals from an order by a judge of the Superior Court vacating an arbitration award and reinstating a decision by the Commissioner of Correction (commissioner) that discharged Brouillette from his position as a correctional officer. We dismiss the appeal for lack of standing.

Pursuant to the collective bargaining agreement (agreement) between the Department of Correction (department) and the Massachusetts Correction Officers Federated Union (union), an employee who is a union member may elect to pursue a grievance through arbitration or, alternatively, through the Civil Service Commission. If, as occurred here, arbitration is elected, the employee is required to execute a written "waiver of any and all rights to appeal the disciplinary action to any other forum including the Civil Service Commission." Such a waiver was duly executed by Brouillette and delivered to the department.

The department, not Brouillette (whose interests had prevailed at arbitration), appealed the arbitrator's award to the Superior Court. Notwithstanding Brouillette's waiver, the terms of the agreement, or G. L. c. 150C, § 11, the department named not only the union, but also Brouillette as a party defendant in its complaint to the Superior Court. This was improper and, we conclude, a nullity. Brouillette was not a party to the agreement and had no standing to enforce it or defend his interpretation in court. See *Miller* v. *Board of Regents of Higher Educ.,* 405 Mass. 475, 480 (1989); *Kessler* v. *Cambridge Health Alliance,* 62 Mass. App. Ct. 589, 593-594 (2004).

Thereafter, a judge of the Superior Court vacated the arbitration award on public policy grounds and reinstated the order of the commissioner terminating Brouillette's employment with the department.[2] While this result has clear and adverse consequences for Brouillette, it does not alter the fact that he elected to pursue arbitration and waive his rights to further participation in the disciplinary process.[3] The union did not appeal from the judge's order. Consequently, there is no valid appeal before us.

*Appeal dismissed.*

*Philip N. Beauregard (Adrienne Catherine H. Beauregard-Rheaume* with him) for Paul Brouillette.

*Judith Allonby* for the plaintiff.

---

[1]Paul Brouillette.

[2]We note that the public policy exception is exceedingly narrow, see *Massachusetts Hy. Dept.* v. *American Fedn. of State, County & Mun. Employees, Council 93,* 420 Mass. 13, 16 (1995), and that a judge may not substitute his or her own factual findings for that of the arbitrator in order to conclude that the award violated public policy. See G. L. c. 150E, § 8.

[3]In such circumstances, an employee's remedy for the union's decision not to appeal the judge's ruling is to present a claim to the Labor Relations Commission against the union for a prohibited practice charge. *Leahy v. Local 1526, American Fedn. of State, County & Mun. Employees,* 399 Mass. 341, 347-348 (1987).